Davis, J., (orally).
I may as well dispose of the questions involved in this motion now while they are fresh in my mind, from the argument, and the consideration which I have given them, with my brethren of the general term.
The whole subject of alimony is regulated by statute.
The court is authorized in every suit brought for divorce, or separation, to require the husband to pay a suitable sum to enable the wife to carry on the suit. ¡No distinction is made between a suit for divorce upon the ground of nullity of the marriage, or for any other cause ; all are denominated divorces, or separations.
In the early part of the present case, Mrs. P. was permitted to appear as a party for the protection of her rights. This was perfectly proper, because the proceeding was one in which she was deeply interested. The plaintiff had succeeded in obtaining a decree releasing him from his second wife, on the ground of a prior marriage ; the third wife, whether properly or not, had married and had children by him, relying doubtless, to some extent, upon this decree. It was then alleged by the same wife, that this decree was a fraud upon her, as well as upon the court, and she there *309 upon applied to have it vacated, and to have her marriage restored.
Of course the third wife was vitally interested in this proceeding. Justice and equity required that she should have notice of the proceedings, and be permitted in some way to participate for the protection of her rights. She therefore petitioned to be made a party in form, and was with obvioiis propriety permitted the rights of a party for this purpose alone. Being in this sense.a party, she was entitled to prosecute her suit to this extent, and to an allowance for her support, and for her expenses to protect and enforce her rights, so long as the necessity for her appearance continued. Both alimony and counsel fee were ordered, as it appears. It was quite immaterial that she was neither plaintiff or defendant at the commencement of the suit, but came into court voluntarily afterwards. There was obvious propriety in her participating in a proceeding, the object of which was to affect, or which might affect her marriage. The action was' for a divorce ; that was all that was necessary under the statute, after she became an actual party, to give her the right to both alimony and counsel fee, irrespective of the question of the legality of the marriage, which it was conceded had been in fact entered into between the parties. This tripartite proceeding was thus prosecuted to judgment. The object of her presence in the suit had been accomplished. So far as she was affected by the suit, she was protected by the judgment. She was therefore dismissed as a party.
But Mr. P. was not satisfied with this; he insisted that she was a party as to whom he was entitled to a final judgment. He was therefore seeking to have her made a party, and to obtain a decree against her as such. We have just examined that question at the general term, and concluded that she was only allowed to interfere for a special object, and there having been no sup *310 plemental pleading on the part of the plaintiff to create an issue as to her, there was no issue upon which the court could pronounce a judgment of divorce as to her, even under the present system of practice. The result is that she is not now a party, and certainly has not been a party since the final judgment. She cannot therefore be entitled to alimony as such party. But the question of counsel fees is by no means controlled by this conclusion as to alimony. As I have said, the plaintiff is now struggling to make her a party, and she is resisting his efforts. In this effort, she is plainly entitled to have the services of counsel, and it is obviously proper that the plaintiff, who has placed himself in the relation of husband to her, in fact should pay for the service which his act has made necessary. It is a part of the burden and expense which the law casts upon him. He seeks to show that this lady is not his wife. We have held that whatever he may obtain in this respect will be matter of strict law.
Having assumed the obligations of a husband he ought to be held to the rule imposing the burdens of a husband, at least until he establishes the fact that he is not. If she was still a party to the present suit, she would be entitled to both alimony and counsel fee.
I shall therefor^ deny the application, so far as relates to alimony, but order the plaintiff to pay a suitable counsel fee, for the argument and attention to the cause on the appdal. Counsel may agree upon the amount if they can, otherwise I will fix it. *

 Counsel said that they preferred to have his honor fix the amount. ■ The court then fixed the amount of counsel fee at five hundred dollars, and an order was entered to that effect.